IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01893-MSK-KMT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$3,795.00 IN UNITED STATES CURRENCY, and
2000 MERCEDES-BENZ VIN 4JGAB54E2YA213308,

    Defendants.

---

**RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT AND FINAL ORDER OF FORFEITURE**

---

Before the Court is Plaintiff's Motion for Default Judgment and Final Order of Forfeiture Only as to Defendant 2000 Mercedes-Benz VIN 4JGAB54E2YA213308 [Doc. No. 36, filed May 27, 2008]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **grant** Plaintiff's Motion.

**I.    Facts**

The following facts are taken from Plaintiff's Verified Complaint. Plaintiff, the United States of America, instituted this action for forfeiture *in rem* on September 7, 2007 seeking forfeiture of monetary property and the 2000 Mercedes Benz pursuant to Title 21 U.S.C. § 881[1].

---

[1] This court issued a Report and Recommendation concerning the monetary property on March 31, 2008 [Doc. No. 31].

The Verified Complaint alleged that the 2000 Mercedes Benz was seized from Nguyen Nguyen on February 21, 2007 at the time of his arrest in connection with a lengthy investigation by the Drug Enforcement Administration (DEA) into suspected MDMA trafficking in the metropolitan Denver area. The investigation began in approximately April 2005 with the controlled purchase of 100 tablets of MDMA from Thai Nguyen from an undercover police officer. Several other controlled purchases were made from Thai Nguyen in ever enlarging quantities over the course of the next several months. On several occasions, after engaging in the transactions with the undercover police officer, Thai Nguyen was seen meeting with Nguyen Nguyen, whereupon Nguyen Nguyen was observed going to banking institutions. Eventually, Thai Nguyen introduced the undercover police officer to his source of MDMA supply, Nguyen Nguyen. In December 2005, Nguyen Nguyen sold 500 tablets of MDMA to the undercover officer and did so again several months later. In 2006, agents arrested a delivery person with 50,000 tablets of MDMA. That person told officers he was delivering the pills to Linh Hoang Thai, among others. Linh Hoang Thai was arrested in June 2006. Linh Hoang Thai cooperated with law enforcement and identified Nguyen Nguyen as a person he knew to be selling "many thousands of" of MDMA pills.

On February 21, 2007, officers observed and then arrested Nguyen Nguyen while he was driving the subject 2000 Mercedes Benz. Officers found a small amount of MDMA in the center console of the Mercedes and $3,795.00 in U.S. currency was on Nguyen Nguyen's person. After being read his rights advisement pursuant to *Miranda,* Nguyen Nguyen stated that he did not have a job and that the $3,795.00 had come from money that people "owed" to him. Nguyen

Nguyen also confessed that he was selling ecstasy for Thai Nguyen. A search warrant executed at Nguyen Nguyen's residence on the same day revealed 40 MDMA pills, a silver Rolex watch and $20,000.00 in United States currency hidden in the attic.[2] A search of the records for the Colorado Department of Labor revealed that Nguyen Nguyen has no reported wages in Colorado.

On October 9, 2007, Nguyen Nguyen filed an Answer to the Complaint for Forfeiture [Doc. No. 13], but Mr. Nguyen never filed the prerequisite Claim required by Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions. On January 8, 2008, Mr. Nguyen filed an Unopposed Motion to Withdraw Previously filed Answer [Doc. No. 20] and relinquished any right, title, and interest to the 2000 Mercedes-Benz VIN 4JGAB54E2YA213308 at issue herein. The Clerk's Entry of Default as to the 2000 Mercedes Benz was entered on April 11, 2008. [Doc. No. 34] Plaintiff now seeks default judgment and a final order of forfeiture as to the 2000 Mercedes-Benz VIN 4JGAB54E2YA213308.

**II.     Discussion**

Plaintiff commenced this action *in rem* pursuant to 18 U.S.C. § 881 and seized the property based on the Order for Warrant issued by this Court on September 11, 2007 [Doc. No. 5] and executed on September 13, 2007 [Doc. No. 10]. Plaintiff also provided all known interested parties with the opportunity to respond to the forfeiture. [Doc. No. 9] Plaintiff also completed the required publication for anyone wishing to contest the forfeiture, as required by

---

[2]     Both the Rolex watch and the $20,000.00 have been administratively forfeited.

18 U.S.C. § 983(a)(4) and supplement C(6). The only statement of interest or claim filed was the Answer set forth above, which was specifically withdrawn by Nguyen Nguyen.

Based on these facts, the Clerk of the Court entered default on the monetary property (excluding the automobile which is also part of this case) on April 11, 2008. For the Court to now enter default judgment, the Court must conclude, based on a preponderance of the evidence, that reasonable cause existed for the seizure of the 2000 Mercedes-Benz VIN 4JGAB54E2YA213308. *United States v. One Hundred Forty-Nine Thousand Four Hundred Forty-Two Dollars and 43/100 Dollars ($149,442.43) in United States Currency*, 965 F.2d 868, 876 (10th Cir. 1992) (holding that absent a defense, "a showing of probable cause alone will support a judgment of forfeiture").

In this case, Mr. Nguyen physically delivered large quantities of MDMA pills to an undercover police officer. [Doc. No. 1, ¶ 13 and 15] Further, Mr. Nguyen was seen participating in a controlled transaction in which Thai Nguyen also sold MDMA to the undercover police officer. [Doc. No. 1 at ¶ 11, 12] Thai Nguyen positively identified Mr. Nguyen as his source of supply for MDMA. [Doc. No. 1, ¶ 11] Mr. Nguyen was identified by a courier of 50,000 MDMA pills as a large supplier of MDMA in the area. [Doc. No. 1, ¶ 19] Quantities of MDMA were found in the 2000 Mercedes-Benz with Mr. Nguyen when he was carrying $3,795.00 in cash on his person. [Doc. No. 1, ¶ 21] More MDMA and money was found at Mr. Nguyen's residence. [Doc. No. 1, ¶ 22] Mr. Nguyen admitted he had no legitimate job and that he was selling ecstasy for Thai Nguyen. [Doc. No. 1, ¶ 21]. Under these facts, the

Court concludes that a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 is appropriate.

## III. Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion for Default Judgment and Final Order of Forfeiture [Doc. No. 36, filed May 27, 2008] be **granted** as follows:

> that default judgment and forfeiture of defendant 2000 Mercedes-Benz VIN 4JGAB54E2YA213308, including all right, title, and interest, shall enter in favor of the United States;
>
> that the United States shall have full and legal title to defendant 2000 Mercedes-Benz VIN 4JGAB54E2YA213308 and may dispose of said property in accordance with the law; and
>
> that Default Judgment and a Final Order of Forfeiture be entered, which shall serve as a Certificate of Reasonable Cause under 28 U.S.C. § 2465.

**NOTICE: Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73**

**F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.** *See Vega v. Suthers*, **195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation** *de novo* **despite the lack of an objection does not preclude application of the "firm waiver rule");** *One Parcel of Real Property*, **73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for** *de novo* **review by the District Court or for appellate review);** *Int'l Surplus Lines Ins, Co. v. Wyo. Coal Refining Systems, Inc*., **52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);** *Ayala v. United States*, **980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).** *But see, Morales-Fernandez v. I.N.S.*, **418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).**

Dated this 13th day of June, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge