IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01893-MSK-KMT

UNITED STATES OF AMERICA,

        Plaintiff,

v.

$3,795.00 IN UNITED STATES CURRENCY, and
2000 MERCEDES-BENZ VIN 4JGAB54E2YA213308,

        Defendants.

**ORDER ADOPTING RECOMMENDATIONS,
GRANTING MOTIONS FOR DEFAULT JUDGMENT, AND
DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE**

THIS MATTER comes before the Court on two Recommendations **(#31, #40)** by the Magistrate Judge that the Court grant the Plaintiff's motions **(#28, #36)** seeking entry of a default judgment against the two Defendants. No objection has been filed. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

In this action, the United States seeks forfeiture *in rem.* Therefore, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

### II. Background

The United States commenced this action **(#1)** seeking forfeiture of $3,795 in United States currency and a 2000 Mercedes-Benz (VIN # 4JGAB54E2YA213308). With regard to the

currency, it alleges that: (1) the money was used, or intended to be used, to buy controlled substances; (2) the money constitutes proceeds of sales of controlled substances; and (3) the money was used, or intended to be used, to facilitate a violation of 21 U.S.C. § 801, *et seq.* It also alleges that the vehicle was purchased with money that can be traced to the sale of controlled substances.

Nguyen Nguyen filed an Answer **(#13)** opposing forfeiture, but he later withdrew it **(#20, #23)**. No other interested person filed an Answer nor has claimed any right to the property. The Clerk of Court entered a default against the currency **(#26)** and against the vehicle **(#34)** pursuant to Fed. R. Civ. P. 55(a).

The United States moves **(#28, #36)** for the entry of default judgment against both properties. The Magistrate Judge recommends **(#31, #40)** that both motions be granted. In doing so, she finds that reasonable cause existed to seize the property under 28 U.S.C. § 2465, and that the property is subject to forfeiture under 21 U.S.C. § 881, 18 U.S.C. § 981, and *United States v. One Hundred Forty-Nine Thousand Four Hundred Forty-Two and 43/100 Dollars ($149,442.43) in United States Currency,* 965 F.2d 868, 876 (10th Cir. 1992).

### III. Analysis

Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), a party may object to any portion of a magistrate judge's recommendation by filing specific objections within 10 days of the party's receipt of the recommendation. When timely objections are filed, the district court must review *de novo* the specific conclusions of the magistrate judge to which objections have been directed. 28 U.S.C. § 636(b)(1)(C); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996). However, when no objections are filed, a district court may apply whatever standard of

review it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Here, there are no objections to either Recommendation. Thus, it is reviewed for clear error. In such review, a court considers the applicable law and determines whether the magistrate judge correctly applied it. The fact that a court might have decided the issues differently does not establish clear error. *See N.L.R.B. v. Viola Industries-Elevator Div., Inc.*, 979 F.2d 1384, 1387 (10th Cir. 1992). Rather, there is "clear error" if, upon review of the record, a court "is left with the definite and firm conviction" that the magistrate judge made a mistake. *See Allen v. Sybase, Inc.,* 468 F.3d 642, 658 (10th Cir. 2006).

The Magistrate Judge's Recommendations, here, are not clearly erroneous. It is premised upon the applicable law, which she correctly applied.

**IT IS THEREFORE ORDERED** that:

(1) The Recommendations **(#31, #40)** are **ADOPTED**.

(2) The Motions **(#28, #36)** for the entry of default judgment are **GRANTED**.

(3) The United States shall have full, legal title as to both Defendants and may dispose of such property in accordance with law. This Order shall serve as a Certificate of Reasonable Cause under 28 U.S.C. § 2465.

Dated this 23rd day of October, 2008

                                                  **BY THE COURT:**

                                                  Marcia S. Krieger
                                                  United States District Judge